Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Voltstar Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES, INC., | Case No.: 2:25-cv-01036 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| GC TECHNOLOGY, LLC DBA PHONESUIT, | |
| Defendant. | |

Plaintiff VOLTSTAR TECHNOLOGIES, INC. by and through its undersigned counsel, brings this Complaint against Defendant GC TECHNOLOGY, LLC DBA PHONESUIT for Patent Infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1.   This is an action for patent infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (hereinafter, the "'794 Patent") arising under the patent laws of the United States Title 35, United States Code §§ 1 *et seq.* to enjoin further infringement and obtain damages resulting from Defendant GC TECHNOLOGY, LLC's unauthorized manufacture, use, offer to sell and sale in the

United States of a product identified and described herein in violation of Plaintiff Voltstar's rights under the '794 Patent.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Phonesuit has committed acts of infringement and has a regular and established place of business within this judicial district and division.

## THE PLAINTIFF

5. Plaintiff, VOLTSTAR TECHNOLOGIES, INC. ("Voltstar"), is an Illinois Corporation with a principal place of business located at P.O. Box 3727, Barrington, IL 60010.

## THE DEFENDANT

6. GC Technology, LLC dba Phonesuit ("Phonesuit") is a Nevada limited liability company with its principal place of business at 1431 7th Street, Suite 201, Santa Monica, CA 90401 and can be served by serving its Registered Agent, Sumeet Gupta at the same address.

## THE PLAINTIFF'S PATENT

7. Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 9,024,581, and its Reissue Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Packaging", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

8. Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

9.  McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

10. The patent application for the '581 patent (application serial number 12/124,515) was first published on November 26, 2009.

11. McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc. in May 2008, which was recorded at the United States Patent and Trademark Office on May 21, 2008, at Reel 20979, Frame 56. Horizon Technologies, Inc. changed its name to Voltstar Technologies, Inc. and recorded such change of name at the United States Patent and Trademark Office on March 1, 2010, and corrected on November 22, 2010, at Reel 25411, Frame 783.

12. In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



13. On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

14. Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent as May 5, 2015.

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches …*"

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ INDIANA ◆ TENNESSEE ◆ NEW YORK

15. Claim 1 of the reissued '794 Patent is substantially identical with the claims submitted during the '581 patent prosecution at least as early as 2011, in the published patent application serial number 12/124,515. Claim 1 of the reissued '794 Patent was substantially known publicly at least as early as 2011.

16. At all relevant times, Voltstar and its predecessors in interest in the '794 Patent and original U.S. Patent No. 9,024,581, complied with the federal patent marking statute, 35 U.S.C. § 287(a).

17. As of May 5, 2015, the issue date of the original U.S. Patent No. 9,024,581 Voltstar and its predecessors in interest had ceased making, offering for sale, or selling within the United States any patented article covered under the '794 Patent or the original U.S. Patent No. 9,024,581.

**DEFENDANT'S PRODUCTS**

**Accused Product – Novo 35 USB Wall Charger**

18. Phonesuit makes, uses, offers for sale and sells the Novo 35 USB Wall Charger. An example of the Novo 35 USB Wall Charger is shown below.




19. Phonesuit advertises the use of and sells its Novo 35 USB Wall Charger to be connected between a source of AC power, such as a wall outlet, and a device

such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

20. In particular, the Novo 35 USB Wall Charger distributed by Phonesuit employ a reduced plug-size charger plug, that upon plugging the Novo 35 USB Wall Charger into a source of AC power such as a wall outlet, the Novo 35 USB Wall Charger does not block or interfere with the use of adjacent outlets.

21. Moreover, the size and shape of the Novo 35 USB Wall Charger are such that a power cord for the device to be charged may be easily inserted into and removed from the Novo 35 USB Wall Charger while the charger is plugged into the source of AC power and removal of the power cord from the Novo 35 USB Wall Charger can be accomplished without removal of the charger from the source of AC power.

22. Attached hereto as **Exhibit 2** is a Claim Chart that illustrates each element of the infringing Novo 35 USB Wall Charger as compared to Claim 1 in the '794 Patent.

23. Defendant Phonesuit infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Novo 35 USB Wall Charger.

24. The Novo 35 USB Wall Charger has a longitudinal length less than 2 inches, approximately 1.333 inches, and a width of less than 1.75 inches, approximately 1.265 inches.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

25. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1 through 24, as set forth above.

26. Within the six years preceding the filing of this Complaint, Phonesuit has directly infringed at least one claim of U.S. Patent No. by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

27. Without limiting the foregoing, Defendant has infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibit 2**.

28. Phonesuit's acts of making, using, importing, selling, and/or offering for sale infringing products and services have been without license, permission, or authorization from Voltstar.

29. Phonesuit's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products including the Novo 35 USB Wall Charger that incorporates Voltstar's patent.

30. Phonesuit's infringement includes, but is not limited to, the manufacture, use, sale, importation and/or offer for sale of Defendant's products including the Novo 35 USB Wall Charger that incorporates Voltstar's patent.

31. Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendant GC Technology, LLC dba Phonesuit and respectfully requests that the Court:

A. An entry of judgment holding that Defendant has infringed and is infringing the '794 Patent;

B. For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D.  A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E.  An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent; and

F.  That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 6, 2025                Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Voltstar Technologies, Inc.*